**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

KEVIN D. LEBEAU                                      CIVIL ACTION

VERSUS                                               18-439-SDD-RLB

UNION PACIFIC RAILROAD COMPANY

## RULING

This matter is before the Court on the *Motion for Partial Summary Judgment on the Issue of Liability*[1] filed by Plaintiff Kevin D. LeBeau ("LeBeau"). Defendant Union Pacific Railroad Company ("Union Pacific") filed an *Opposition*[2] to the *Motion*, and LeBeau filed a *Reply*.[3] For the reasons that follow, the Court finds that the motion shall be DENIED.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On June 8, 2017, Kevin D. LeBeau was working as a utility man at Union Pacific's Livonia Yard in Pointe Coupee Parish, Louisiana. He alleges that he was injured while working a "hump job," which, he explains, is "a switching operation whereby trains that have arrived at the yard are disassembled into smaller cuts of railcars, which are then moved from the receiving track into the classification yard to be assembled into a new train."[4] LeBeau approached a group of cars on Track 608 to begin the job. Generally, LeBeau prefers to use a "brake stick" (an "aluminum stick equipped with telescoping and

---
[1] Rec. Doc. No. 11.
[2] Rec. Doc. No. 15.
[3] Rec. Doc. No. 19.
[4] Rec. Doc. No. 16, p. 2
59007

locking mechanisms"[5]) to release hand brakes,[6] and he used one that day. LeBeau released the hand brake on the first car without incident, but the brake on the second car was "tight" and "didn't budge."[7] LeBeau "tried to use some bodyweight to get it to move,"[8] and as he "held onto the stick a little tighter and kind of leaned into it,"[9] he "felt a pop in [his] shoulder."[10] Supervisor and car inspector Terrence Miller ("Miller") was called to Track 608, and when he arrived, he found that "the brake stick was still hanging from the hand brake."[11] Although Miller didn't see anything wrong with the hand brake upon visual inspection, when he "went to pull the hand brake. It wouldn't pull," so he "took the brake stick and kind of hammered it down a bit because it was stiff to get it to release."[12] When the brake finally released, Miller re-engaged it and tried to release it again, but "it was the same result" – the brake was "stiff" and Miller "assumed it was bad."[13]

On April 9, 2018, LeBeau filed this action against Union Pacific under the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.* ("FELA"), alleging that 1) Union Pacific violated the Federal Safety Appliance Act, 49 U.S.C. §29301 *et seq.* ("FSAA") by failing to provide him with efficient hand brakes and 2) failed to provide him with a safe place to work.[14] LeBeau now moves for partial summary judgment on his first claim, arguing that railroads are strictly liable under the FELA for injuries caused in violation of the FSAA. Per LeBeau, the undisputed facts of the case demonstrate that the hand brake in question

---

[5] Rec. Doc. No. 16, p. 3.
[6] Rec. Doc. No. 11-5, p. 14.
[7] Rec. Doc. No. 11-5, p. 19, lines 3 and 17 (Deposition of Kevin LeBeau).
[8] *Id.* at lines 20-21.
[9] Rec. Doc. No. 11-5, p. 20.
[10] Rec. Doc. No. 11-4, p. 1.
[11] Rec. Doc. No. 11-7, p. 9.
[12] Rec. Doc. No. 11-7, p. 11.
[13] Rec. Doc. No. 11-7, p. 12.
[14] Rec. Doc. No. 1.
59007

was "inefficient" within the meaning of the FSAA. Therefore, LeBeau contends, partial summary judgment should be granted in his favor because there is no genuine factual dispute as to whether Union Pacific provided him with an inefficient hand brake on June 8, 2017. Union Pacific opposes partial summary judgment because it argues that "genuine issues of material fact exist as to (1) whether a violation of the Federal Safety Appliance Act ("FSAA") occurred, and, (2) whether the alleged violation caused Mr. LeBeau's injuries."[15] The Court will address the parties' arguments in turn.

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[16] "When assessing whether a dispute to any material fact exists, we consider all of the evidence in the record but refrain from making credibility determinations or weighing the evidence."[17] A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[18] If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its case.'"[19] However, the non-moving party's burden "is not satisfied with some metaphysical doubt as to the

---

[15] Rec. Doc. No. 15, p. 1.
[16] Fed. R. Civ. P. 56(a).
[17] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008).
[18] *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F.Supp.2d 488, 494 (M.D. La. 2003)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. at 2552)).
[19] *Rivera v. Houston Independent School Dist.*, 349 F.3d 244, 247 (5th Cir. 2003)(quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).

material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[20]

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[21] All reasonable factual inferences are drawn in favor of the nonmoving party.[22] However, "[t]he Court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[23] "Conclusory allegations unsupported by specific facts … will not prevent the award of summary judgment; 'the plaintiff [can]not rest on his allegations … to get to a jury without any "significant probative evidence tending to support the complaint."'"[24]

### B. Claims Under the Federal Employee Liability Act, 45 U.S.C. § 51 *et seq.* and the Federal Safety Appliance Act, 49 U.S.C. §29301 *et seq.*

The United States Supreme Court has summarized FELA as follows:

FELA provides the exclusive remedy for a railroad employee engaged in interstate commerce whose injury resulted from the negligence of the railroad. Liability under FELA is limited in these key respects: Railroads are liable only to their employees, and only for injuries sustained in the course of employment. FELA's language on causation, however, is as broad as could be framed. Given the breadth of the phrase "resulting in whole or in part from the [railroad's] negligence," and Congress' "humanitarian" and "remedial goal[s]," we have recognized that, in comparison to tort litigation at common law, "a relaxed standard of causation applies under FELA.[25]

---

[20] *Willis v. Roche Biomedical Laboratories, Inc.,* 61 F.3d 313, 315 (5th Cir. 1995)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[21] *Pylant v. Hartford Life and Accident Insurance Company*, 497 F.3d 536, 538 (5th Cir. 2007)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).
[22] *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).
[23] *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).
[24] *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994)(quoting *Anderson*, 477 U.S. at 249).
[25] *CSX Transp., Inc. v. McBride*, 564 U.S. 685, 691–92, 131 S. Ct. 2630, 2636, 180 L. Ed. 2d 637 (2011) (internal citations omitted).

59007

Indeed, the Fifth Circuit has held that under FELA, a "defendant railroad 'caused or contributed to' a railroad worker's injury 'if [the railroad's] negligence played a part—no matter how small—in bringing about the injury.'"[26] Plaintiff LeBeau asserts, in part, that Union Pacific is liable under FELA because it violated the Federal Safety Appliance Act (FSAA). The Supreme Court has held that the FSAA itself does not create a federal cause of action for employees seeking damages for injuries resulting from a railroad's violation of the law.[27] However, a violation of the FSAA constitutes negligence as a matter of law under FELA. Accordingly, the FSAA imposes strict liability on railroads for violations of the Act's safety standards.[28]

The FSAA speaks directly to hand brakes, providing that the "a railroad carrier may use or allow to be used on any of its railroad lines (1) a vehicle only if it is equipped with ... efficient handbrakes."[29] The Supreme Court in *Myers v. Reading Co.* elaborated upon "efficient" as follows: "Efficient means adequate in performance; producing properly a desired effect. Inefficient means not producing or not capable of producing the desired effect; incapable; incompetent; inadequate."[30] The *Myers* Court added, "[t]here are two recognized methods of showing the inefficiency of hand brakes equipment. Evidence may be adduced to establish some particular defect, or the same inefficiency may be established by showing a failure to function, when operated with due care, in the normal, natural, and usual manner."[31] The district court for the Eastern District of Louisiana,

---

[26] *Huffman v. Union Pac. R.R.,* 675 F.3d 412, 417 (5th Cir. 2012).
[27] *Crane v. Cedar Rapids & Iowa City Ry. Co.*, 395 U.S. 164, 166 (1969).
[28] *Id.*
[29] 49 U.S.C. 20302(a)(1)(B) (2012).
[30] *Myers v. Reading Co.,* 331 U.S. 477, 483, 67 S. Ct. 1334, 1338, 91 L. Ed. 1615 (1947)
[31] *Id.*
59007

relying on *Myers*, has emphasized that "proof of an actual break or physical defect ... is not a prerequisite to finding that the statute has been violated. Instead, the plaintiff need only present proof that the mechanism failed to work efficiently and properly even though it worked efficiently and properly before and after the occasion in question. The test in fact is the performance of the appliance."[32]

C. <u>Analysis</u>

    a. *Whether Union Pacific is Strictly Liable Under the FSAA Because the Hand Brake was Inefficient*

LeBeau argues that he is entitled to partial summary judgment on his FELA claim "because the undisputed evidence establishes that UP railcar TCIX 57002 was equipped with an inefficient hand brake that failed to perform as designed in normal use when LeBeau attempted to release it with a brake stick."[33] LeBeau brings forth significant evidence to demonstrate that the hand brake did not perform properly on June 8, 2017. First, he cites the deposition testimony of Phillip Arnold, the director of terminal at Union Pacific's Livonia yard. Arnold testified that utility men like LeBeau were, at the time of the events giving rise to this case, required to use brake sticks to release hand brakes.[34] The brake sticks are designed to release the brakes, Arnold said, and it would not be possible to spot a hard-to-release brake by looking at it.[35] Per LeBeau, Arnold's admission that the brake stick is supposed to release the hand brake is proof that the hand brake at issue in this case was not performing properly, given that it refused to release when that method

---

[32] *Thompson v. Alabama Great S. R. Co.,* No. CIV.A. 13-921, 2014 WL 970104, at *2 (E.D. La. Mar. 12, 2014)(internal citations and quotations omitted).
[33] Rec. Doc. No. 16, p. 11.
[34] Rec. Doc. No. 11-6, p. 4.
[35] *Id.*
59007

was applied.

Next, LeBeau cites the deposition testimony and inspection report of Terrence Miller, the car inspector who examined the hand brake after LeBeau's injury. Miller testified that when he arrived on the scene, "the brake stick was still hanging from the hand brake"[36] He "didn't see nothing wrong with it," but when he picked up a brake stick, he described the following: "I went to pull the hand brake. It wouldn't pull, and I took the brake stick and kindof hammered it down a little because it was stiff to get it to release."[37] After Miller was able to release the hand brake in this way, he re-set the brake and tried again to release it, finding it to be still "stiff" and "tight."[38] Counsel at Miller's deposition asked him, "[s]o it didn't function as it was designed to function in your opinion, did it sir?" and Miller responded, "Yes, sir."[39] Asked if, in his opinion as a car inspector, the brake needed to be replaced, Miller stated, "yes, sir."[40]

LeBeau also provides a copy of the inspection report that Miller generated on the day of the incident. Listing the model of hand brake on the report form, Miller wrote "while releasing hand brake found stiff" in the "Condition as to Defect" field.[41] Prompted by the form to "describe fully" any defects, Miller elaborated: "Released hand brake, then reapplied the brakes and same results. Very stiff and hard to release brakes with hand brake wheel."[42] Overall, LeBeau concludes, there is no genuine issue of material fact as to whether the hand brake that the tried to release was not "efficient" as required by the

---

[36] Rec. Doc. No. 11-7, p. 10.
[37] *Id.* at p. 11.
[38] *Id.* at p. 12.
[39] *Id.* at p. 12.
[40] *Id.* at p. 15.
[41] Rec. Doc. No. 11-9, p. 1.
[42] *Id.* at p. 2.

59007

FSAA.

Union Pacific lays out a number of reasons why LeBeau should not prevail on summary judgment. First, it disputes that LeBeau's testimony alone is sufficient evidence of the hand brake's inefficiency, noting that the cases cited by LeBeau are distinguishable because in those cases, the plaintiff's own testimony was used to create a fact issue to *defeat* summary judgment, "not to establish a violation for purposes of summary judgment for the plaintiff."[43] But LeBeau clearly cites evidence beyond his own testimony in support of his motion, including the testimony of Phillip Arnold and Terrence Miller, as well as Miller's contemporaneously-generated inspection report. The Court does not credit this argument because LeBeau's motion is clearly supported by more than his own self-serving testimony.

Additionally, Union Pacific asserts that a "stuck" or "tight" hand brake does not necessarily qualify as an inefficient or defective hand brake for purposes of the FSAA. In support of this contention, Union Pacific cites the deposition testimony of Justin Anderson, the Director of Terminal Operations, who was asked: "Might a hand brake not release with a brake stick, but still be a properly functioning hand brake?"[44] Anderson answered yes. Anderson also speculated about another possible reason that a hand brake could be stuck without being defective. "I've encountered it myself in my career where I would come up to release a hand brake and couldn't because the person before me had tied it tight, and was much stronger than I was, and I couldn't do it by myself."[45] Union Pacific also highlights certain remarks by LeBeau during his deposition. Specifically, LeBeau

---

[43] Rec. Doc. No. 15, p. 2.
[44] Rec. Doc. No. 15-4, p. 8.
[45] Rec. Doc. No. 15-4, p. 9.

admitted that he has encountered tight hand brakes before and was able to release them without injury. Asked "just because a hand brake is tight doesn't mean it's defective, does it?" LeBeau answered, "I guess not."[46]

LeBeau disputes this argument, citing two cases where, he claims, courts have held that a stuck hand brake qualifies as inefficient under the FSAA. In *Williams v. Norfolk S. Ry. Co.,* the Western District of Virginia held exactly that, noting that the "[p]laintiff has provided evidence that the brake in question was stuck fast, due in part to a rusty chain" and that "Stuck hand brakes qualify as 'inefficient' under the FSAA."[47] This Court notes that a hand brake being "stuck fast" due to a rusty chain is distinguishable from, as here, a hand brake that, while perhaps unusually tight, was eventually able to be released by another employee using the brake stick method. *Williams* appears to stand for the proposition that a hand brake that is *stuck fast*, not just tight, is inefficient. Whether the hand brake that LeBeau encountered was "stuck" or "tight" is the subject of conflicting evidence and is best assessed by a jury. At what point does a hand brake become so tight that it is, in fact, "stuck"? This court finds, as the Northern District of Ohio did in *Rogers v. Norfolk S. Ry. Co.,* that "the failure of the hand brake to release when operated in the normal, natural, and usual manner remains a question for the trier of fact."[48]

The notion that questions of hand brake efficiency are best left to the jury is supported by two cases cited by Union Pacific. In *Ditton v. BNSF Ry. Co.,* for example, the district court for the Central District of California denied the plaintiff's motion for summary judgment because it found that there was conflicting testimony as to whether

---

[46] Rec. Doc. No. 15-5, p. 8.
[47] *Williams v. Norfolk S. Ry. Co.*, 126 F. Supp. 2d 986, 993 (W.D. Va. 2000).
[48] *Rogers v. Norfolk S. Ry. Co.*, No. 3:13 CV 798, 2015 WL 4191147, at *6 (N.D. Ohio July 10, 2015).
59007

the quick release lever on the hand brake that allegedly injured the plaintiff was defective. Finding that "the normal, natural, and usual manner of operation of a brake release lever includes the common occurrence that the lever will fail to release the brake,"[49] the *Ditton* court concluded that the plaintiff was not entitled to summary judgment on his argument that the quick release lever was inefficient. Here, as in *Ditton*, there is testimony, including from LeBeau himself, that tight brakes were not necessarily an abnormal occurrence in the yard:

> Q. I mean, you have encountered tight hand brakes before today -- before the day in question; right?
> A. Correct.
> Q. And you had been able to release the hand brake before, the tight hand brakes before without injury; correct?
> A. Correct.[50]

Similarly, in *Rogers v. Norfolk Southern Ry. Co.,* the district court for the Northern District of Ohio denied the plaintiff's motion for summary judgment on the hand brake efficiency issue, based on evidence that both the plaintiff and his supervisor were unable to release the hand brake, and the plaintiff's deposition testimony that he had previously encountered hand brakes that would not release. Citing *Ditton*, the Northern District held that "[t]he failure of the hand brake to release when operated in the normal, natural, and usual manner remains a question for the trier of fact."[51] It is true, as LeBeau points out, that the railroad's evidence was arguably stronger in *Rogers* – it introduced an expert opinion on the efficiency issue, which Union Pacific does not do here. However, the plaintiff in *Rogers* had an expert, too, which LeBeau does not. Overall, the Court finds

---

[49] *Ditton v. BNSF Ry. Co.,* No. CV 12-6932 JGB JCGX, 2013 WL 2241766, at *14 (C.D. Cal. May 21, 2013).
[50] Rec. Doc. No. 15-5, p. 8.
[51] *Rogers v. Norfolk S. Ry. Co.,* No. 3:13 CV 798, 2015 WL 4191147, at *6 (N.D. Ohio July 10, 2015).

59007

*Rogers* to be analogous, even highly so.

All in all, although LeBeau evinced specific evidence tending to demonstrate that the hand brake was inefficient, the Court finds that Union Pacific has pointed to specific competent summary judgment evidence sufficient to demonstrate a genuine issue of material fact on the efficiency question. The Court disagrees with LeBeau's contention that Union Pacific's opposition amounts to "unsupported speculation."[52] The testimony of Justin Anderson and LeBeau clearly suggests that occasionally needing to apply more force than usual to release a hand brake may well be within the "normal, natural, and usual manner" of releasing hand brakes. If it is, the hand brake is not inefficient under the *Myers* framework. In any event, it is a fact question that, in the eyes of this Court, is properly decided by the jury.

    b. *Causation*

Union Pacific argues that LeBeau is not entitled to summary judgment because there exists a genuine issue of material fact as to causation. In fact, it argues that LeBeau's injuries are his "sole fault," because he "encountered a hand brake that he claims was so tight as to not budge at all when he attempted to release it with the brake stick, but he, nonetheless, in violation of Union Pacific rules and common sense, took the riskiest, most dangerous course."[53] LeBeau rejects this argument, urging that "UP's causation defense should be rejected because it overlooks a bedrock principle of FELA's featherweight causation: that to prevail in a FELA case, the plaintiff need only adduce some evidence that tends to show that his employer's negligence 'played any part, even

---

[52] Rec. Doc. No. 19, p. 7.
[53] Rec. Doc. No. 15, p. 7.
59007

the slightest, in producing [his] injury.'"[54]

The railroad's causation argument is essentially this: LeBeau caused his injuries by applying his bodyweight to the brake stick in clear contravention of both "common sense"[55] and Union Pacific rules that forbid employees from attempting to operate a hand brake that is "difficult to operate, defective, or damaged."[56] Union Pacific notes that courts have held that, despite the relaxed causation requirement under the FSAA, "the railroad in appropriate circumstances may raise a sole cause defense."[57] Per LeBeau, the causation argument is "simply an attempt to slip the prohibited defense of contributory negligence into the case through the back door."[58] LeBeau maintains that the sole cause argument is extreme, because it assumes that "a reasonable jury could accept that LeBeau's conduct alone caused the accident in question, without the inefficient brake playing any part at all."[59] But that scenario likewise relies on the assumption that the brake is found to be inefficient; the Court *supra* held that there is a genuine issue of material fact on that question. The extremity or reasonableness of Union Pacific's argument is not a proper consideration on a motion for summary judgment, as the Eastern District of Louisiana stated in its ruling denying plaintiff's motion for summary judgment on the issue of causation in *Funez v. Kansas City Southern Ry. Co.* There, the railroad defendant opposed summary judgment with testimony from an expert witness who opined that the plaintiff was solely at fault because his injuries would not have occurred if he "was

---

[54] Rec. Doc. No. 19, pp. 7-8 (quoting *Rivera v. Union Pacific R. Co.*, 378 F.3d 502, 507 (5th Cir. 2004)).
[55] Rec. Doc. No. 15, p. 7.
[56] Rec. Doc. No. 15-7, p. 2.
[57] *Maldonado v. Missouri Pac. Ry. Co.,* 798 F.2d 764, 767 (5th Cir. 1986).
[58] Rec. Doc. No. 19, p. 7.
[59] Rec. Doc. No. 19, p. 8.

exercising proper care."[60] The Eastern District wrote: "While the Court has significant doubts as to the plausibility of this opinion, such concerns are inappropriate on a motion for summary judgment."[61] Likewise here. Because the causation inquiry is beset by some of the same factual disputes as the question of the hand brake's efficiency, this Court finds that causation is properly determined by the jury. Accordingly, Plaintiff's *Motion for Partial Summary Judgment* shall be denied.

## III. CONCLUSION

For the above reasons, LeBeau's *Motion for Partial Summary Judgment on the Issue of Liability*[62] is hereby DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>February 21, 2020</u>.

_____
**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[60] *Funez v. Kansas City S. Ry. Co.,* 62 F. Supp. 3d 531, 534 (E.D. La. 2014).
[61] *Id.*
[62] Rec. Doc. No. 11.
59007